UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ERIC REEDUS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 4:13CV01070 AGF |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

# **MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Eric Reedus's motion filed under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. For the reasons set forth below, the motion shall be denied.

# **BACKGROUND**

On July 11, 2011, Petitioner was convicted, upon pleading guilty pursuant to a plea agreement, of one count of conspiracy to distribute cocaine and marijuana, and one count of conspiracy to commit money laundering. The maximum terms of imprisonment for the crimes were 40 years and 20 years, respectively.

In the plea agreement, the United States agreed that it would not seek a Career Offender statutory enhancement under 21 U.S.C. 851(a), or an enhancement for an aggravating role under the advisory Sentencing Guidelines § 3B1.1(a). Otherwise, both parties reserved the right to request a sentence above or below the Sentencing Guideline range ultimately determined by the Court. The Plea Agreement also included sentencing

guidelines agreements, recommendations and estimates. Based upon the agreed drug quantities involved, the parties estimated, after grouping, that the Total Offense Level would be 27. But the Plea Agreement also specifically acknowledged that the range would increase if Petitioner were deemed to be a career offender under the Sentencing Guidelines:

> **3. Estimated Total Offense Level:** The parties estimate that the Total Offense Level is 27, unless defendant is a Career Offender. Based upon the underlying offense and defendant's criminal history, defendant is likely to be a Career Offender pursuant to Section 4B1.1. If the Court finds defendant is a Career Offender, the base offense will be 34 and the Total Offense Level will be 31 and the Criminal History Category will be Category VI. Defendant has discussed these possibilities with defense counsel.

(Case No. 4:10CR00618AGF, Doc. No. 403, at 9-10.)

The Presentence Report ("PSR") found that Petitioner was a Career Offender pursuant to Guidelines § 4B1.1(a), resulting in a Criminal History Category of VI and a Total Offense Level of 31, for a sentencing range of 188-235 months. The PSR noted that if the Court did not find that Petitioner was a Career Offender, his Total Offense Level would be 24.

In a Sentencing Memorandum, Petitioner objected that the Career Offender classification had an unjust and disproportionate effect on the sentencing range, noting that had he not been classified as a Career Offender, his sentencing range would be 130-162 months. He asked for a variance on this basis. (Case No. 4:10-cr-00618-AGF, Doc. No. 533.) At the sentencing hearing on October 24, 2011, defense counsel again raised this argument. The Court found that Petitioner was a Career Offender under Guidelines §

4B1.1(a), and sentenced him to 204 months imprisonment.

Because Petitioner waived his right to appeal, the Eighth Circuit dismissed his direct appeal, and his conviction and sentence were affirmed. In the present motion, Petitioner argues that the Court lacked authority to increase Petitioner's sentence based on his being a Career Offender, because the government had not filed a Career Offender information before the plea, as required by 21 U.S.C. § 851(a); and that his counsel rendered ineffective assistance by failing to investigate and raise this matter at sentencing.

## **DISCUSSION**

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief from a sentence imposed against him on the ground that "the sentence was imposed in violation of the Constitution or law of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. A petitioner's ineffective assistance of counsel claim is properly raised under 28 U.S.C. § 2255 rather than on direct appeal. *United States v. Davis*, 452 F.3d 991, 994 (8th Cir. 2006). To prevail on an ineffective assistance of counsel claim, a convicted defendant must first show counsel's performance "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The defendant must also establish prejudice by showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. "Failure to establish either prong is fatal to a claim of ineffective assistance." *Morelos v.*

*United States*, 709 F.3d 1246, 1250 (8th Cir. 2013). If the underlying claim (i.e., the alleged deficient performance) would have been rejected, counsel's performance is not deficient. *Carter v. Hopkins*, 92 F.3d 666, 671 (8th Cir. 1996). "In order to satisfy the prejudice prong of the *Strickland* test in the guilty plea context, a defendant must establish a reasonable probability that he would have exercised his right to a trial but for counsel's ineffectiveness." *Watson v. United States*, 682 F.3d 740, 745 (8th Cir. 2012).

As the government argues, "it is well settled a § 851 information is limited to situations in which a convicted defendant's statutory minimum or maximum penalty is enhanced under Part D of Title 21, and not to an enhancement under the now-advisory guidelines which is within a statutory range." *United States v. Bailey*, 677 F.3d 816, 817-18 (8th Cir. 2012) (citation omitted). "For this reason, a sentencing court's use of the § 4B1.1 career offender guideline is not conditioned upon the filing of a § 851 information." *Thomas v. United States*, No. 2:11-cv-00931, 2012 WL 5935714, at *6 (S.D. W. Va.) (Nov. 27, 2012).

Here, Petitioner's sentence was within the statutory maximum. Thus, the Court had the authority to sentence Petitioner based upon its finding that he was a Career Offender under Guidelines § 4B1.1(a). Indeed, Petitioner expressly acknowledged the likelihood that he would be deemed to be a career offender, resulting in a guidelines total offense level of 31, and a criminal history category of VI, in his plea agreement and at the time of his plea. Defense counsel's performance was not deficient for failing to argue that the Career Offender Guidelines could not apply, nor did counsel's failure to make sure an argument prejudice Petitioner. *See Campbell v. United States*, No. 1:10CV00105

SNLJ, 2011 WL 5102243, at *8 (E.D. Mo. Oct. 27, 2011) (denying a § 2255 motion raising a similar claim). The sentencing as a career offender was authorized by law, and Defendant entered his plea of guilty fully advised of that possibility. Because Petitioner's claim can be resolved on the record, there is no need for an evidentiary hearing. *See id.* at 4-5 (citing *Rogers v. United States*, 1 F.3d 697, 699 (8th Cir. 1993)).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Eric Reedus's motion filed under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence is **DENIED**. (Doc. No. 1.)

**IT IS FURTHER ORDERED** that this Court will not issue a Certificate of Appealability as Petitioner has not made a substantial showing of the denial of a federal constitutional right as required by 28 U.S.C. § 2253(c)(2).

A separate Judgment shall accompany this Memorandum and Order.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of August, 2013.